(February 23, 1995)

■ In the Matter of MATTHEW LEE et al., Respondents, v NEW YORK CITY DEPARTMENT OF HOUSING PRESERVATION AND DEVELOPMENT et al., Appellants. [622 NYS2d 944] —Four orders, including an order of the Supreme Court, New York County (Carol H. Arber, J.), entered August 11, 1993, which stayed the municipal respondents-appellants (the City) from conveying certain buildings to respondent-appellant Crotona Housing Associates (Crotona) pending decision on respondents-appellants' consolidated appeal from three additional orders, same court and Justice, one entered March 10, 1994 (denying the City's motion to dismiss the petition) and two entered June 21, 1994 (one enjoining the transfer of the properties to respondent-appellant Crotona, and one denying Crotona's motion to dismiss the petition), which three orders are also brought before this Court in this consolidated supplemental appeal, all unanimously reversed, on the law, and the petition dismissed, without costs.

The flaw in the instant petition is that the petitioners lack

standing to challenge the land-use decision that has been made by the City. To establish standing to challenge the City's decision as to the disposition of the property a petitioner "must show that it would suffer direct harm, injury that is in some way different from that of the public at large" *(Society of Plastics Indus. v County of Suffolk,* 77 NY2d 761, 774). An "aggrieved" person may challenge a zoning regulation, for instance, to vindicate an identifiable interest of his own, but it must be a "legally cognizable interest" *(Matter of Sun-Brite Car Wash v Board of Zoning & Appeals,* 69 NY2d 406, 413). Petitioners here have shown no legally cognizable interest in the property or otherwise. They contend that their interests and concerns fall within the zone of interests of the Urban Development Action Area Act, the City's Vacant Building Program, and other laws, rules, and procedures, and that standing follows. They do not show, however, that they suffer injury from the proposed transfer of the property *(see, Matter of Dental Socy. v Carey,* 61 NY2d 330, 334). Their interests and concerns are not shown to be anything more than their desires. The individual petitioners are squatters on City property, and petitioner Inner City Press (ICP) is a squatter organization. Of course, it is their desire to see the individuals continue in or be returned to possession as squatters. To do so is clearly an interest of theirs, but it is not a legally cognizable interest. They do not suffer injury. To have a protected property interest one must have more than a unilateral expectation; one must have a legitimate claim of entitlement to something *(Morillo v City of New York,* 178 AD2d 7, 13, *lv denied* 80 NY2d 752). Owners of property, for example, have a common-law right to oust an interloper without legal process *(see, Bliss v Johnson,* 73 NY 529; *P & A Bros. v City of New York Dept. of Parks & Recreation,* 184 AD2d 267, 268). In *P & A Bros.,* this Court noted that the Supreme Court there had "failed to distinguish between those whose interest in property rises to the status of tenancy and must be evicted by legal process and those situations in which nontenants may be removed summarily so long as it is done without violence" *(supra,* at 269). The Supreme Court in the instant case, also dealing with nontenants, has attributed to them legally cognizable interests which they do not have.

Mere intermeddlers in the administrative process do not thereby gain standing *(see, Matter of Douglaston Civic Assn. v Galvin,* 36 NY2d 1, 8). Individual squatters with no property rights in the buildings they enter or in the propriety of the approval process are no more than that. The tests for organi-

zational standing are set forth in *Matter of Dental Socy. v Carey, (supra,* at 333-334) and in *Society of Plastics Indus. v County of Suffolk (supra,* at 775). Standing depends on the possibility of injury, and consequently on a legally cognizable interest the violation of which would constitute injury. Like the individual squatter, ICP has a program, the taking over of City-owned buildings, but not a program based on recognized rights.

Since petitioners lack standing to challenge the City's alleged failure to comply with the requirements of the Urban Development Action Area Act and the Vacant Building Program of the New York City Department of Housing Preservation and Development in approving Crotona as the developer and owner of the subject buildings, it is unnecessary to consider the other issues raised on this appeal. Concur—Murphy, P. J., Sullivan, Nardelli and Tom, JJ. *[See,* 162 Misc 2d 827, 162 Misc 2d 901].