■ In the Matter of NEW YORK CITY COALITION FOR THE PRESERVATION OF GARDENS, Appellant, et al., Petitioners, v RU-

DOLPH W. GIULIANI, as Mayor of the City of New York, et al., Respondents, and BFC&R EAST 11TH STREET LLC, Intervenor-Respondent. [666 NYS2d 918] —Order, Supreme Court, New York County (Jeffrey Atlas, J.), entered October 15, 1997, which denied petitioners' application to enjoin construction on lots allegedly occupied by community gardens and granted respondents' motion to dismiss the petition, unanimously affirmed, without costs.

The subject of this proceeding is a group of once-vacant lots in Harlem and the Lower East Side on which groups of residents have planted gardens. We agree with the IAS Court that petitioner-appellant, having no "legally cognizable injury", is without standing to bring this action (*Society of Plastics Indus. v County of Suffolk*, 77 NY2d 761, 777). Petitioner's members occupy the lots either without any enforceable license or permission (*see, Matter of Lee v New York City Dept. of Hous. Preservation & Dev.*, 212 AD2d 453, 454, *lv dismissed and denied* 85 NY2d 1029), or pursuant to a license that was terminated (*see, P & A Bros. v City of N. Y. Dept. of Parks & Recreation*, 184 AD2d 267, 269). Since petitioner lacks standing, we do not reach its substantive arguments. Were we to reach them, we would find that the municipal respondent agency's determination that the action is Type II has a rational basis (*see, Matter of We Stay/Nos Quedamos Comm. v New York City Dept. of Citywide Admin. Servs.*, 240 AD2d 302). Concur—Sullivan, J. P., Ellerin, Andrias and Colabella, JJ.