◼ In the Matter of CHATHAM TOWERS INC. et al., Appellants, v NEW YORK CITY POLICE DEPARTMENT et al., Respondents. [904 NYS2d 64]—

Judgment, Supreme Court, New York County (Michael D. Stallman, J.), entered September 30, 2009, denying the petition to compel respondents to subject a project to construct a New York City Police Department (NYPD) Joint Operations Command Center (JOCC) to review under the State Environmental Quality Review Act (SEQRA), the City of New York's Uniform Land Use Review Procedure (ULURP) and the City Environmental Quality Review (CEQR) rules, denying as moot petitioners' motion for additional discovery, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.

Respondents did not act arbitrarily and capriciously in determining that the JOCC project involves the "replacement, rehabilitation or reconstruction of a structure or facility, in kind, on the same site" (6 NYCRR 617.5 [c] [2]), and hence is a "Type II" action that is statutorily exempt from SEQRA and CEQR (6 NYCRR 617.3 [f]; 617.5 [a]; 43 RCNY 6-15 [b]; *see Manhattan Val. Neighbors for Permanent Hous. for Homeless v Koch*, 168 AD2d 262, 263 [1990], *lv denied* 77 NY2d 806 [1991]). The record establishes that the subject premises previously housed a New York City Fire Department (FDNY) emergency dispatch center, a use of the facility that is substantially similar to a new NYPD JOCC. We reject petitioners' argument that a period of vacancy between the premises' earlier use by FDNY and the construction of the JOCC renders the earlier use a nullity; periods of vacancy are not unusual, and quite often are a practical necessity, during the development and preparation of replacement construction (*see Matter of New York City Coalition for Preserv. of Gardens v Giuliani*, 175 Misc 2d 644, 653-654 [1997], *affd on other grounds* 246 AD2d 399 [1998]).

Because the JOCC project will not effect a change in the preexisting use of the subject premises, it does not constitute a "[s]ite selection for [a] capital project[ ]" (*see* NY City Charter § 197-c [a] [5]) and therefore is not subject to ULURP (*see Matter of Silver v Koch*, 137 AD2d 467, 468 [1988], *lv denied* 73 NY2d 702 [1988]).

Contrary to petitioners' argument, the record does not present an issue of material fact whether FDNY's earlier use of the subject premises was substantially similar to NYPD's announced new use thereof (*see Manhattan Val. Neighbors*, 168 AD2d at 263). Concur—Andrias, J.P., Freedman, McGuire, Acosta and DeGrasse, JJ. **[Prior Case History: 24 Misc 3d 1238(A), 2009 NY Slip Op 51792(U).]**