■ NORMAN BLOOMFIELD, Appellant, v VINCENT CANNAVO et al., Respondents. [999 NYS2d 397]—

Order, Supreme Court, New York County (Marcy S. Friedman, J.), entered April 19, 2013, which granted defendants' motion to dismiss the complaint for lack of standing and failure to state a cause of action, unanimously affirmed, without costs.

Plaintiff, a resident of the Surf Manor Home for Adults, brought this putative class action for a declaration that an inspection review process (IRP) whereby the New York State Department of Health (DOH) affords operators of adult care fa-

cilities the opportunity for an informal one-hour meeting with DOH staff after an inspection report is drafted, but before it is published, violates state and federal law. He contends that the IRP is not set forth in any regulations promulgated by DOH and was adopted in violation of the State Administrative Procedure Act. Plaintiff also alleges that the IRP violates the Americans with Disabilities Act (ADA) because it discriminates against persons with disabilities who are the residents of these adult homes (*see* Social Services Law § 2 [21]).

Plaintiff alleges that, between November 2009 and September 2011, he made approximately 35 complaints to DOH regarding rights violations and hazardous conditions impacting Surf Manor residents. During this period, DOH issued several inspection reports, as well as violations and corrective action orders, finding, among other things, that Surf Manor staff and independent contractors had intimidated residents and that Surf Manor had failed to implement adequate grievance procedures. Other substantiated complaints, however, did not result in any violations. Plaintiff contends that the IRP is a secretive process that hampers residents' rights because it affords the operators of adult homes an appeal process that delays their compliance with applicable law and regulations and influences the outcomes of residents' complaints.

Since plaintiff is challenging DOH's implementation of the IRP, a governmental action, he must establish that he has standing to do so by showing an "injury in fact," meaning that plaintiff will actually suffer harm by the challenged administrative action and that the injury asserted by him falls "within the zone of interests or concerns sought to be promoted or protected by the statutory provision under which the agency has acted" (*New York State Assn. of Nurse Anesthetists v Novello*, 2 NY3d 207, 211 [2004]). The alleged injury or harm must also be in some way different from that of the public at large (*Society of Plastics Indus. v County of Suffolk*, 77 NY2d 761, 774 [1991]).

Although plaintiff alleges that the IRP process favors adult home operators by allowing them to privately address adverse findings or corrective actions DOH identifies, without any input by residents of the adult home, plaintiff does not otherwise articulate how he is disadvantaged by this process, how the outcomes of some of these investigations would have been different had residents been permitted to participate in the IRP, or that the substandard living conditions or mistreatment he complains of are attributable to DOH's implementation of the IRP. The only "injury" plaintiff alleges is that resolution of residents' complaints are delayed when an adult home operator

contests the outcome of an investigation and residents are not aware of or notified that any particular complaint is subject to an IRP. These allegations are far too generalized and speculative to satisfy the "injury in fact" requirement that would confer plaintiff with standing to challenge the procedures DOH has implemented (*see Rudder v Pataki*, 93 NY2d 273, 280 [1999]). Plaintiff does not articulate any harm or injury that he will suffer that is in some way an identifiable interest of his own, different from that of the public at large (*see Matter of Lee v New York City Dept. of Hous. Preserv. & Dev.*, 212 AD2d 453 [1st Dept 1995], *lv dismissed in part, denied in part* 85 NY2d 1029 [1995]).

Plaintiff and the members of the proposed class of adult home residents are also outside the "zone of interests" sought to be protected by the applicable statutory and regulatory framework under which the agency has acted (*Society of Plastics Indus.*, 77 NY2d at 773). DOH is vested with the authority to establish the procedures by which complaints are investigated and violations corrected (*see* Social Services Law § 461-o; 18 NYCRR 486.2 [a]). Moreover, DOH's enforcement powers are exceedingly broad, ranging from the imposition of civil penalties to the revocation, suspension or limitation of an operating certificate, after a hearing. DOH can even request that the Attorney General seek injunctive relief or criminally prosecute an operator for any violation or threatened violations of law or regulation (*see* Social Services Law § 460-d; 18 NYCRR 486.4 [b]; *see also* [c]-[h]). The governing regulatory scheme—which plaintiff does not challenge—plainly contemplates dialogue between DOH and adult home operators during the inspection process. Rather than providing for universal participation by residents in that process, they are expressly excluded from disclosure of investigation outcomes that are being contested by the operator (*see* Social Services Law §§ 461-a [1], [2] [b], [c]; 461-d [3] [b], [c], [g]; 461-o; 18 NYCRR 486.2 [o]). The IRP is, therefore, wholly consistent with the enabling statutes.

We note that plaintiff is not without personal remedies for his complaints because the Social Services Law provides adult home residents with a direct means of challenging violations of their rights by establishing a statutory "warranty of habitability" that residents of adult homes "shall not be subjected to any conditions which would be dangerous, hazardous or detrimental to their life, health, safety or welfare," and affording residents a statutory cause of action against adult home operators for any breach of that warranty (Social Services Law § 461-c [2-a] [a], [b]). This statutory right of action mitigates any policy concern

that "to deny standing to this plaintiff would be to insulate governmental action from scrutiny" (*Society of Plastics Indus.*, 77 NY2d at 779).

We reject plaintiff's contention that DOH is required to promulgate the IRP as a rule pursuant to the State Administrative Procedure Act. The IRP is merely a mechanism for adult home operators to have a one-hour informal dialogue with DOH before the publication of an inspection report. It is a "reasonable interpretation" of the adult home inspection regulations, not an unpromulgated rule (*see Matter of Elcor Health Servs. v Novello*, 100 NY2d 273, 279 [2003]; *Matter of Isabella Geriatric Ctr., Inc. v Novello*, 38 AD3d 356, 358 [1st Dept 2007], *lv denied* 9 NY3d 806 [2007]; State Administrative Procedure Act § 102 [2] [b] [iv]).

The allegation that DOH discriminates against adult home residents by excluding them from participation in the IRP fails to state a cause of action under the ADA. Only adult home operators are inspected under the governing regulatory framework. Since residents are not subject to these inspections, they do not "meet[ ] the essential eligibility requirements" for participation in the IRP, and hence are not "qualified individual[s]" within the meaning of the ADA (42 USC § 12131 [2]; *see Matter of Rivera v New York City Hous. Auth.*, 60 AD3d 509 [1st Dept 2009]).

We have considered plaintiff's remaining contentions and find them unavailing. Concur—Tom, J.P., Sweeny, DeGrasse, Feinman and Gische, JJ.