# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**63**

**CA 16-00028**

PRESENT: WHALEN, P.J., SMITH, PERADOTTO, DEJOSEPH, AND CURRAN, JJ.

---

IN THE MATTER OF COUNTY OF ONEIDA,
PETITIONER-PLAINTIFF-RESPONDENT,

              V                          MEMORANDUM AND ORDER

HOWARD A. ZUCKER, M.D., J.D., AS COMMISSIONER
OF NEW YORK STATE DEPARTMENT OF HEALTH AND NEW
YORK STATE DEPARTMENT OF HEALTH,
RESPONDENTS-DEFENDANTS-APPELLANTS.

---

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (VICTOR PALADINO OF
COUNSEL), FOR RESPONDENTS-DEFENDANTS-APPELLANTS.

WHITEMAN, OSTERMAN & HANNA LLP, ALBANY (CHRISTOPHER E. BUCKEY OF
COUNSEL), FOR PETITIONER-PLAINTIFF-RESPONDENT.

---

      Appeal from a judgment (denominated order and judgment) of the
Supreme Court, Oneida County (Bernadette T. Clark, J.), entered
December 7, 2015 in a CPLR article 78 proceeding and declaratory
judgment action. The judgment denied the motion of respondents to
dismiss petitioner's first cause of action and directed respondents to
pay petitioner's reimbursement claim in the amount of $251,467.

      It is hereby ORDERED that the judgment so appealed from is
unanimously reversed on the law without costs, the second decretal
paragraph is vacated, the motion is granted and the first cause of
action is dismissed.

      Memorandum: Petitioner-plaintiff (petitioner) commenced this
combined CPLR article 78 proceeding and declaratory judgment action
seeking, inter alia, to compel respondents-defendants (respondents) to
pay claims that petitioner submitted to respondents, in which
petitioner sought reimbursement for Medicaid expenditures known as
overburden expenditures (*see e.g. Matter of County of Chautauqua v
Shah*, 126 AD3d 1317, 1317, *affd sub nom. Matter of County of Chemung v
Shah*, 28 NY3d 244). In the first cause of action in the petition-
complaint (petition), petitioner alleged that respondents failed to
act upon a claim within the time limits set forth in 18 NYCRR 601.4,
and that respondents therefore had a ministerial duty to pay the claim
without regard to its underlying merits. Respondents appeal from a
judgment that denied their motion to dismiss the first cause of action
and granted petitioner's request for judgment in its favor on that
cause of action. We agree with respondents that Supreme Court erred
in denying their motion.

The regulation at issue states that respondents are responsible for examining claims such as the one at issue here, and respondents' "[i]nitial determinations objecting to the allowability of a claim for reimbursement will be made in a timely manner not to exceed 90 days from the time of receipt by [respondents], unless [respondents notify petitioner] that a specified amount of additional time, not to exceed an additional 90 days, is necessary to complete examination of the claim" (18 NYCRR 601.4).  In the claim at issue on this appeal, the court concluded that respondents notified petitioner, on the 87th day after receipt of the claim, that they required up to an additional 90 days in which to determine the claim, and then denied it on the 179th day after receiving the claim.  The court found that the denial of the claim was untimely because the court interpreted the regulation as mandating that the additional 90 days began to run on the day that petitioner received the notice that respondents required additional time, with the result that the denial was issued 92 days after the notice was received.

It is well settled that "the interpretation given to a regulation by the agency which promulgated it and is responsible for its administration is entitled to deference if that interpretation is not irrational or unreasonable" (*Matter of Gaines v New York State Div. of Hous. & Community Renewal*, 90 NY2d 545, 548-549; *see Matter of IG Second Generation Partners L.P. v New York State Div. of Hous. & Community Renewal, Off. of Rent Admin.*, 10 NY3d 474, 481).  "Put another way, the courts will not disturb an administrative agency's determination unless it lacks any rational basis" (*IG Second Generation Partners L.P.*, 10 NY3d at 481, citing *Matter of Gilman v New York State Div. of Hous. & Community Renewal*, 99 NY2d 144, 149).

Respondents' interpretation of the regulation is that the additional 90 days is added to the initial 90 days so that, upon notifying petitioner that it required additional time in which to determine the claim, respondents had a total of 180 days in which to make the determination.  We agree with respondents that their interpretation of the regulation is rational and entitled to deference.  There is no indication in the part of the regulation at issue that the additional time began to run upon receipt of notice by petitioner, whereas a subdivision of the same regulation states that "reductions, recoupments or adjustments when made by [respondents] are final and binding when [petitioner] is notified that the reduction, recoupment or adjustment has been or will be made" (18 NYCRR 601.4 [h]).  Three other subdivisions contain similar references to receipt of notice by a claimant (*see* 18 NYCRR 601.4 [e], [f], [g]). Regulations are generally subject to the same canons of construction as statutes (*see Matter of ATM One v Landaverde*, 2 NY3d 472, 477). One such canon provides that, " '[w]here a law expressly describes a particular act, thing or person to which it shall apply, an irrefutable inference must be drawn that what is omitted or not included was intended to be omitted or excluded' " (*Matter of Town of Riverhead v New York State Bd. of Real Prop. Servs.*, 5 NY3d 36, 42-43).  Thus, respondents rationally concluded that, inasmuch as the part of the regulation at issue contains no language supporting the interpretation advanced by petitioner and adopted by the court, that

language was " 'intended to be omitted or excluded' " (*id.* at 43).

Contrary to petitioner's contention, there is no evidence that respondents previously interpreted the regulation in the manner advanced by petitioner.  The mere fact that respondents issued their denials prior to the expiration of the full 180 days on three other claims, all decided at the same time, is not evidence that such action was meant to indicate that such a course of action was required, particularly in view of the unique circumstances of those simultaneous denials.

Finally, it is well settled that, "[a]bsent an express limitation upon the power of a particular agency to act after the expiration of the relevant statutory period, the time limits within which an administrative agency must act generally are construed as discretionary" (*Matter of Meyers v Maul*, 249 AD2d 796, 797, *lv denied* 92 NY2d 807).  As the Court of Appeals noted, " '[a] rule that rendered every administrative decision void unless it was determined in strict literal compliance with statutory [or regulatory] procedure would not only be impractical but would also fail to recognize the degree to which broader public concerns, not merely the interests of the parties, are affected by administrative proceedings' " (*Matter of Dickinson v Daines*, 15 NY3d 571, 575).  Even assuming, arguendo, that the regulatory time limit was exceeded by one or two days, we conclude that the court erred in granting the petition in part and directing respondents to pay a claim that the Court of Appeals has unequivocally stated was extinguished by statute (*see County of Chemung*, 28 NY3d at 256).

Respondents' remaining contentions are academic in light of our determination.

Entered:  February 3, 2017                    Frances E. Cafarell
                                              Clerk of the Court