Matter of Elderwood At Grand Is. v Zucker (2020 NY Slip Op 06588)





Matter of Elderwood At Grand Is. v Zucker


2020 NY Slip Op 06588


Decided on November 13, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 13, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, NEMOYER, CURRAN, AND WINSLOW, JJ.


538 CA 19-00642

[*1]IN THE MATTER OF ELDERWOOD AT GRAND ISLAND, PETITIONER-RESPONDENT,
v
HOWARD A. ZUCKER, M.D., AS COMMISSIONER OF NEW YORK STATE DEPARTMENT OF HEALTH, AND DENNIS ROSEN, AS MEDICAID INSPECTOR GENERAL OF STATE OF NEW YORK, RESPONDENTS-APPELLANTS. 






LETITIA JAMES, ATTORNEY GENERAL, ALBANY (KATHLEEN M. TREASURE OF COUNSEL), FOR RESPONDENTS-APPELLANTS.
HARTER SECREST & EMERY LLP, ROCHESTER (BRIAN M. FELDMAN OF COUNSEL), FOR PETITIONER-RESPONDENT.


 Appeal from a judgment of the Supreme Court, Monroe County (William K. Taylor, J.), entered September 20, 2018 in a CPLR article 78 proceeding. The judgment granted the petition. 
It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law without costs and the petition is dismissed.
Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking, inter alia, to annul the determination of the Administrative Law Judge (ALJ), made after a hearing, insofar as it affirmed in part the determination of the New York State Office of the Medicaid Inspector General (OMIG) after a final audit of Medicaid claims paid to petitioner. Specifically, the ALJ affirmed that part of OMIG's determination finding that the New York State Department of Health is entitled to recover from petitioner Medicaid overpayments for certain therapy services determined not to be medically necessary. Supreme Court granted the petition on the ground that the ALJ's determination was, inter alia, affected by an error of law and was arbitrary and capricious, annulled the determination of the ALJ, and remitted the matter to the ALJ for a new determination in accordance with the court's judgment. We now reverse the judgment and dismiss the petition.
We agree with respondents that the court erred in holding that the ALJ improperly determined that petitioner was required to produce interdisciplinary documentation in the subject resident's medical records to establish the medical basis and specific need for the therapy services. The ALJ properly recognized that respondents'
interpretation of their own regulations to require such documentation was entitled to deference inasmuch as the interpretation was not irrational or unreasonable (see Andryeyeva v New York Health Care, Inc., 33 NY3d 152, 174 [2019]; Matter of County of Oneida v Zucker, 147 AD3d 1338, 1339 [4th Dept 2017]). In light of that interpretation, we conclude that OMIG's determination, as affirmed in part by the ALJ, is supported by a rational basis (see Matter of Peckham v Calogero, 12 NY3d 424, 431 [2009]; see also Andryeyeva, 33 NY3d at 174).
We reject petitioner's position, accepted by the court, that respondents' interpretation constitutes an unpromulgated rule (see Bloomfield v Cannavo, 123 AD3d 603, 606 [1st Dept 2014]; see also Matter of Elcor Health Servs. v Novello, 100 NY2d 273, 279 [2003]). The regulation relied on by respondents and the ALJ plainly states that "[m]edical care, services or supplies ordered or prescribed will be considered excessive or not medically necessary unless the medical basis and specific need for them are fully and properly documented in the [resident's] medical record" (18 NYCRR 518.3 [b]). We likewise reject petitioner's position, also accepted [*2]by the court, that petitioner did not have fair notice that respondents would seek interdisciplinary notes in the resident's medical records as part of the auditing process. Before the audit took place, OMIG advised petitioner that it would "review documentation in support of" the assessment instruments that petitioner compiles to determine a resident's reimbursement rate. Petitioner is guided by the "Long-Term Care Facility Resident Assessment Instrument User's Manual" (Manual) in compiling those assessment instruments, and the Manual explicitly requires documentation in a resident's medical record for skilled therapies. In more general terms, the Manual also emphasizes that the assessment instrument should be completed with the involvement of the nursing staff and the resident's physician and that the sources of information relied on in support of the assessment "must include the resident and direct care staff on all shifts, and should also include the resident's medical record."
We see no need to address whether the ALJ erred in applying an "expectation of improvement" standard. Petitioner's failure to produce any documentation from the resident's medical record renders the issue irrelevant. Even without application of that standard, the determination would be the same, and so we cannot conclude that the ALJ committed an error of law affecting his determination (see generally CPLR 7803 [3]).
Entered: November 13, 2020
Mark W. Bennett
Clerk of the Court