Matter of Elderwood At Cheektowaga v Zucker (2020 NY Slip Op 06587)





Matter of Elderwood At Cheektowaga v Zucker


2020 NY Slip Op 06587


Decided on November 13, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 13, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, NEMOYER, CURRAN, AND WINSLOW, JJ.


533 CA 19-00633

[*1]IN THE MATTER OF ELDERWOOD AT CHEEKTOWAGA, PETITIONER-RESPONDENT,
v
HOWARD A. ZUCKER, M.D., AS COMMISSIONER OF NEW YORK STATE DEPARTMENT OF HEALTH, AND DENNIS ROSEN, AS MEDICAID INSPECTOR GENERAL OF STATE OF NEW YORK, RESPONDENTS-APPELLANTS. 






LETITIA JAMES, ATTORNEY GENERAL, ALBANY (KATHLEEN M. TREASURE OF COUNSEL), FOR RESPONDENTS-APPELLANTS. 
HARTER SECREST & EMERY LLP, ROCHESTER (BRIAN M. FELDMAN OF COUNSEL), FOR PETITIONER-RESPONDENT.


 Appeal from a judgment of the Supreme Court, Monroe County (William K. Taylor, J.), entered January 28, 2019 in a CPLR article 78 proceeding. The judgment granted the petition. 
It is hereby ORDERED that the judgment so appealed from is unanimously vacated, the determination is confirmed without costs, and the petition is dismissed.
Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking, inter alia, to annul the determination of the Administrative Law Judge (ALJ), made after a hearing, affirming two determinations of the New York State Office of the Medicaid Inspector General (OMIG) after two final audits of Medicaid claims paid to petitioner. Specifically, the ALJ affirmed OMIG's determinations finding that the New York State Department of Health is entitled to recover from petitioner Medicaid overpayments for certain therapy services determined not to be medically necessary. Supreme Court granted the petition on the ground that the ALJ's decision was, inter alia, affected by an error of law and was arbitrary and capricious, annulled the determination of the ALJ, and remitted the matter to the ALJ for a new determination in accordance with the court's judgment.
As a preliminary matter, we note that petitioner correctly concedes that the court should have transferred the entire proceeding to this Court, rather than first disposing of certain contentions of the parties. The petition raises a question of substantial evidence, and the remaining points made by the parties are not objections that could have terminated the proceeding within the meaning of CPLR 7804 (g). We therefore vacate the judgment, and we will treat the proceeding as if it had been properly transferred and review the parties' contentions de novo (see Matter of Hope Day Care, LLC v New York State Off. of Children & Family Servs., 162 AD3d 1639, 1640 [4th Dept 2018], lv denied 32 NY3d 905 [2018]; Matter of Quintana v City of Buffalo, 114 AD3d 1222, 1223 [4th Dept 2014], lv denied 23 NY3d 902 [2014]).
We agree with respondents that their interpretation of 18 NYCRR 518.3 (b), accepted by the ALJ, as requiring petitioner to produce interdisciplinary documentation in the residents' medical records to establish the medical basis and specific need for the therapy services is not irrational or unreasonable (see Andryeyeva v New York Health Care, Inc., 33 NY3d 152, 174 [2019]; Matter of County of Oneida v Zucker, 147 AD3d 1338, 1339 [4th Dept 2017]). We reject petitioner's position that respondents' interpretation constitutes an unpromulgated rule (see Bloomfield v Cannavo, 123 AD3d 603, 606 [1st Dept 2014]; see also Matter of Elcor Health Servs. v Novello, 100 NY2d 273, 279 [2003]), and we likewise reject petitioner's position that it [*2]did not have fair notice that respondents would seek interdisciplinary notes in the residents' medical records as part of the auditing process. Indeed, before the audits took place, OMIG advised petitioner that it would need documentation to support the medical necessity of the services underlying the reimbursement rates applicable to the residents, reports of the residents' activities of daily living, and nurse's notes, and it more specifically advised that it would "need any nurse's notes if the [resident] was not a new admission and required restorative services."
Finally, we agree with respondents that substantial evidence supports the ALJ's determination affirming OMIG's disallowance of Medicaid coverage for the therapy services provided to four residents based on a lack of medical necessity (see CPLR 7803 [4]; Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 230 [1974]; see also Matter of Hurlbut, LLC v New York State Off. of Medicaid Inspector Gen., 174 AD3d 1303, 1303-1304 [4th Dept 2019]). Petitioner failed to submit medical records of those residents that "fully and properly documented" the medical basis and specific need for the therapy services (18 NYCRR 518.3 [b]).
Entered: November 13, 2020
Mark W. Bennett
Clerk of the Court