Matter of Elderwood At Amherst v Zucker (2020 NY Slip Op 06585)





Matter of Elderwood At Amherst v Zucker


2020 NY Slip Op 06585


Decided on November 13, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 13, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, NEMOYER, CURRAN, AND WINSLOW, JJ.


528 CA 19-00643

[*1]IN THE MATTER OF ELDERWOOD AT AMHERST, PETITIONER-RESPONDENT,
v
HOWARD A. ZUCKER, M.D., AS COMMISSIONER OF NEW YORK STATE DEPARTMENT OF HEALTH, AND DENNIS ROSEN, AS MEDICAID INSPECTOR GENERAL OF STATE OF NEW YORK, RESPONDENTS-APPELLANTS. 






LETITIA JAMES, ATTORNEY GENERAL, ALBANY (KATHLEEN M. TREASURE OF COUNSEL), FOR RESPONDENTS-APPELLANTS. 
HARTER SECREST & EMERY LLP, ROCHESTER (BRIAN M. FELDMAN OF COUNSEL), FOR PETITIONER-RESPONDENT.


 Appeal from a judgment of the Supreme Court, Monroe County (William K. Taylor, J.), entered September 20, 2018 in a proceeding pursuant to CPLR article 78. The judgment granted the petition. 
It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law without costs and the petition is dismissed.
Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking, inter alia, to annul the determination of the Administrative Law Judge (ALJ), made after a hearing, affirming the determination of the New York State Office of the Medicaid Inspector General (OMIG) after a final audit of Medicaid claims paid to petitioner. Specifically, the ALJ affirmed OMIG's determination finding that the New York State Department of Health is entitled to recover from petitioner Medicaid overpayments for certain therapy services determined not to be medically necessary. Supreme Court granted the petition on the ground that the ALJ's decision was, inter alia, affected by an error of law and was arbitrary and capricious, annulled the decision of the ALJ, and remitted the matter to the ALJ for a new determination in accordance with the court's judgment. We now reverse the judgment and dismiss the petition.
We agree with respondents that the court erred in concluding that the ALJ applied an impermissible "expectation of improvement" standard in rendering his decision. Rather, the ALJ's decision is based on the fact that petitioner failed to establish that the medical basis and specific need for therapy services for two of petitioner's residents were "fully and properly documented" in the residents' respective medical records (18 NYCRR 518.3 [b]; see Matter of Hurlbut, LLC v New York State Off. of Medicaid Inspector Gen., 174 AD3d 1303, 1303-1304 [4th Dept 2019]; see also Matter of Zuttah v Wing, 243 AD2d 765, 766 [3d Dept 1997]). The ALJ's remarks concerning the incremental changes in the physical and functional conditions of the two residents before and after receiving the therapy services were made in the context of his observation that the residents received the therapy services only during a certain evaluation period relevant to the calculation of Medicaid reimbursement rates applicable to those residents, after which the therapy services were discontinued.
We further agree with respondents that the court erred in holding that the ALJ improperly determined that petitioner was required to produce interdisciplinary documentation in the residents' medical records to establish the medical basis and specific need for the therapy services. The ALJ properly recognized that respondents' interpretation of their own regulations to require such documentation was entitled to deference inasmuch as the interpretation was not [*2]irrational or unreasonable (see Andryeyeva v New York Health Care, Inc., 33 NY3d 152, 174 [2019]; Matter of County of Oneida v Zucker, 147 AD3d 1338, 1339 [4th Dept 2017]). In light of that interpretation, we conclude that respondents' determination is supported by a rational basis (see Matter of Peckham v Calogero, 12 NY3d 424, 431 [2009]; see also Andryeyeva, 33 NY3d at 174). We reject petitioner's position, accepted by the court, that respondents' interpretation constitutes an unpromulgated rule (see Bloomfield v Cannavo, 123 AD3d 603, 606 [1st Dept 2014]; see also Matter of Elcor Health Servs. v Novello, 100 NY2d 273, 279 [2003]). We likewise reject petitioner's position, also accepted by the court, that petitioner did not have fair notice that respondents would seek interdisciplinary notes in the residents' medical records as part of the auditing process. Indeed, before the audit took place, OMIG advised petitioner that it would need documentation to support the medical necessity of the services underlying the reimbursement rates applicable to the residents, reports of the residents' activities of daily living, and nurse's notes, and it more specifically advised that it would "need any nurse's notes if the [resident] was not a new admission and required restorative services."
Entered: November 13, 2020
Mark W. Bennett
Clerk of the Court